Chittenden, J.
This action was begun in the city and justice court by the defendants in error to recover a judgment against Adolph Brand because of moneys advanced by them for insurance premiums upon certain policies of accident and life insurance. The amount claimed was $207.92, for which sum judgment was rendered. Error was prosecuted to the common pleas court, where the judgment was affirmed; whereupon proceedings in error were .prosecuted in this court. The matter has been considered heretofore by this court upon certain features of the case that were then disposed of.
The policies were issued by The General Accident & Assurance Corporation, Limited, of Perth, Scotland.
The principal error urged before this court is that the plaintiffs failed to make proof of .compli *176 anee by the insurance company with the laws of Ohio regulating the transaction of business in this state by foreign insurance corporations. It is also claimed that there was a failure to prove that the plaintiffs were properly authorized to act as insurance agents for this company. The bill of exceptions is in narrative form and it is not entirely clear as to whether the plaintiffs had complied in all respects with the' law providing for the authorization of insurance agents to act for foreign insurance companies. The only evidence as to whether or not the insurance company had complied with the laws of the state is a letter received by the attorney for the defendant, from the secretary of state, in which it is stated that a search of the records of that office failed to disclose a corporation of the name of The General Accident, Fire & Assurance Corporation, Limited.
The defense is based, necessarily, upon the proposition that, if the insurance company had not complied with the laws of the state, any policies issued by it would be void, and that, therefore, there was no obligation upon the part of the assured to pay premiums. The premiums for which suit is brought accrued during the years 1911, 1912, 1913 and 1914, and aggregate $352.50. Payments were made upon the premiums at various times during those years, amounting to $175, leaving a balance of $177.50, which, with interest, is claimed to amount to the sum sued for. The policies for which these premiums were charged had all expired by their own limitation, except perhaps the last policies, and those had substantially run the length of time for which they were written.
*177 Our attention has been called to no statute which provides that policies shall be void that are written by foreign insurance companies that have not complied with the laws of this state. The general assembly seems to have relied upon the enforcement of the laws by the imposition of the penalties provided for a violation thereof.
The general rule of law applied throughout this country seems to be that, although foreign corporations doing business in the state, except after complying with certain regulations designated in the statutes, are subjected to certain penalties, a contract of insurance effected by them is not ordinarily void. 14 Ruling Case Law, page 866, Section 37. And we think that is the rule that the supreme court of this state has adopted. Union Mutual Life Insurance Co. v. McMillen, 24 Ohio St., 67, and Newburg Petroleum Co. v. Weare et al., 27 Ohio St., 343. See also 22 Cyc., 1391, and Toledo Traction, Light & Power Co. v. Smith et al., 205 Fed. Rep., 643, 652.
During all the time that these policies were in force had the insured met with a loss covered by the terms of the policy, he might have recovered in an action against the company, and the company would not have been permitted to set up as a defense to such action that it had not complied with the laws of this state. Having had valid insurance, therefore, under these policies, notwithstanding the failure of the company to comply with the laws of this state, the insured, after having accepted, the insurance provided by the policies and retained the same during their life, will not be permitted to set up a defense of a failure on the part *178 of the company to comply with the requirements of the statute, to defeat an action brought to recover the premiums earned.
The bill of exceptions does not perhaps show express authority granted by the defendant to the plaintiffs to pay the amount of the premiums to the insurance company, but it is fairly inferable from the evidence that the defendant acquiesced in such payments and from time to time paid to the plaintiffs various sums to be credited upon the amounts so advanced by them to the insurance company. The evidence -is ample to show the right of the plaintiffs to maintain this action. The partnership name of the plaintiffs containing therein the names of all the individual partners, there is not shown to have been any violation of law upon their part in failing to have their partnership registered in the office of the clerk of courts.
The plaintiff in error also complains that the court erred in the admission of evidence upon certain items of account not set forth in the bill of particulars. We are unable to find from the record that the justice committed any prejudicial error in the reception of evidence.
Finding no prejudicial error apparent in the record, the judgment will be affirmed.

Judgment affirmed.

Richards and Kinkade, JJ., concur.